Losing-, J.,
delivered tbe opinion of tbe court:
Tbe petitioner claims tbe net proceeds of ninety-five bales of upland' cotton, and tbe court finds tbe facts to be:
1. That tbe claimant is, and at tbe time of tbe transactions bereinafter stated was, a subject of France, resident in tbe city of New Orleans.
2. That on tbe 12tb of April, 1865, be owned and possessed ninety-five bales of upland cotton, then stored in tbe city of Mobile, wbicb was taken from bis possession by tbe United States and by them sold, and its net proceeds, amounting to tbe sum of $17,869 95, paid into tbe Treasury.
3. That tbe claimant never in any way voluntarily aided, abetted, or gave encouragement to rebellion against tbe government of tbe United States.
4. Tbe civil judiciary of France consists of courts of tbe first instance and of courts of appeal. Tbe courts of first instance are of two classes, viz, trihunaux civils and trihunaux administrates. From tbe trihunaux civils there is an appeal to tbe Gour Impé-rtale, and tbence to tbe Gour de Cassation. From tbe trihunaux administrates there is an appeal to tbe Gonseil d’Éiat. All of these courts are judicial tribunals, and tbe jurisdiction of each is limited by law to certain subjects.
5. There are several classes of trihunaux administrates, from wbicb an appeal may be taken before tbe counsel of state, Gon-seil d’^État. Tbe two main classes are: 1. Gonseils de Prefecture ; 2. The executive departments.
6. Tbe administration of every “ department” of France is thus organized: There is a prefect, and by him sits a Gonseil de Prefecture, tbe members of wbicb are appointed by tbe executive. These Gonseils de Prefecture decide in tbe first instance merely on facts wbicb are not submitted to tbe cours civiles; and from their decisions there is almost always tbe possibility of appealing to tbe council of state, Gonseil dJÉtat.
7. Executive departments. — Tbe beads of departments have a judicial jurisdiction of their own over matters pertaining to their departments, but subject to an appeal to tbe Gonseil fflÉtat. If tbe decision of tbe department is not appealed from, it is oblig *225 atory and may be enforced as a judgment. In each department there is a bureau of claims of permanent organization, which first examines the case,• it is then carried to the minister, from whose decision there is an appeal to the council of state, Gonseü d’État.
8. The Gonseü d’État contains a Section du Gontentieux, before which parties appear by their counsel. The members of the court confer after they have heard the case argued, and their decision is rendered in public and recorded. Its judgments are enforced by a decree emanating from the head of the state. He must consent to the same. But the witness testifies that there were no instances that he was aware of that such decree was refused.
9. Suit may be brought by an individual against the French government in the tribunaux civils and the tribunaux administrates, according to the nature of the suit, and the government be brought into court by service of process, as follows, on — i
First. The Emperor, when it is a question of lands or eminent domain, in the person, or at the residence of the prefect of the department where sits the court before which the action must be brought in the first instance.
Second. The summons, or a copy, left at the office of the treasury.
Third. The treasury, in the person, or the office of its agent The public departments or establishments in their offices in the places where the seat of administration is fixed ; mother places, in the person or at the office of their representative.
Fourth. The Emperor, if it is lands, in the person of the pro-■cureur irnpérial d’arrondissement.
10: An individual claiming money due him in the treasury department may summon directly the minister of finance to appear before the Court of Paris, if it is in Paris, or before the tribunal of the district, and then bring his suit against him as against anybody else, except that the procurenr irnpérial argues a case brought against the government, and for the bringing of such suit no authorization of any legal officer is necessary.
In France, foreigners may sue the French government as French citizens may, and no distinction as to the right or manner of suing is made between them, except that in certain eases the foreigner is required to give security, judicatumsolvi.
The claimant offered in evidence of the French law volumes *226 4th, 24th, and others of the bulletin ties Lois, sent to the Supreme Court by the French government. These were objected to by the defendants, and admitted by the court as duly authenticated.
The defendants objected to the admission of O. EL Peneton, Marquis of Chambrau, as a witness to prove the French law, that he was not a practicing lawyer and member of the bar. This examination showed that he had studied the law as a profession in France, and graduated at the University of Paris $ that he had since studied the law as his profession from 1849 to 1856, and had been since engaged in legal pursuits, and from 1866 has been employed in Washington by the French government to study, examine, and give information in reference to all claims delivered over to Mm by the French legation. He was admitted as a witness, and testified with other witnesses.
And the court find as a conclusion of law : .
That the French government accords to citizens of the United States the right to prosecute claims against such government in its courts.
That the claimant is entitled to recover against the United States the net proceeds of said ninety-five bales of cotton, amounting to the sum of $17,869 95,for which judgment is rendered.